IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL PETERSON,

    **Plaintiff,**

    v.

MINERVA SURGICAL, INC., et al.,

    **Defendants.**

Case No. 2:25-cv-02102-HLT-ADM

## MEMORANDUM AND ORDER

Plaintiff Daniel Peterson acts pro se.[1] He alleges Defendants engaged in fraudulent, conspiratorial, and abusive conduct while defending in federal court the validity of an arbitration award against him.[2] Plaintiff invokes diversity jurisdiction and seeks relief based on several Kansas state law theories. Defendants move to dismiss for failure to state a claim. Doc. 30. Defendants argue that Plaintiff's post-arbitration state-law claims are collateral attacks on the arbitration award foreclosed by the Federal Act (FAA).

The Court does not reach the substantive argument because it lacks subject matter jurisdiction over this case. Plaintiff fails to properly allege Defendant Gordon Rees's citizenship (i.e., the citizenship of its members) and amendment would be futile because Plaintiff's claims would still fail as collateral attacks on the underlying arbitration award. The Court therefore dismisses the case without prejudice.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Defendants are Minerva Surgical, Inc., David Clapper, Thomas Pendlebury, the law firm Gordon Rees Scully Mansukani, LLC, Michael Laurenson, and Amber Eklof.

**I.      BACKGROUND**

This case arises out of an adverse arbitration award against Plaintiff. Defendant Minerva Surgical, a California-based company incorporated in Delaware, employed Plaintiff as a sales professional. Minerva sells surgical devices. Plaintiff raised concerns about the safety of Minerva's products. Minerva fired Plaintiff, and Plaintiff sued in this District alleging various federal and state law claims. *See Peterson v. Minerva Surgical, Inc.*, No. 2:19-cv-02050 (D. Kan. 2019). Because Plaintiff's employment agreement contained a mandatory arbitration clause, the district court stayed his federal suit pending resolution of the arbitration.

At-issue in the arbitration were Plaintiff's affirmative claims as well as counterclaims the defendants had asserted. The defendants' counterclaims were contract-based and premised on Plaintiff's wrongful retention of certain materials belonging to him after Minerva fired him. The arbitration's results were not favorable to Plaintiff. Plaintiff's claims were not successful but the counterclaims against him were, and the arbitrator awarded the defendants more than $200,000 in damages and attorneys' fees. Believing that the arbitrator's decision was wrong, Plaintiff brought his grievances back to federal court and sought review of the arbitral decision first in this District, then at the Tenth Circuit, and finally on a petition for writ of certiorari to the United States Supreme Court. At each stage, Plaintiff argued that the award was tainted by factual misrepresentations the defendants made during the proceedings. The district court dismissed Plaintiff's challenge as an impermissible collateral attack on an arbitration award under the FAA. The Tenth Circuit affirmed. The Supreme Court denied Plaintiff's cert petition.

Plaintiff remains convinced of the arbitration defendants' mendacity and remains committed to vindicating this conviction in federal court. To that end, he's initiated the present litigation, alleging that Defendants' repetition of their false statements during post-arbitration

proceedings constituted independently actionable torts sounding in various forms of fraud and conspiracy and abuse of process and seeks relief. Plaintiff also alleges that Defendants' shifting representations during the post-arbitration proceedings, allegedly at odds at time with statements made during the arbitration, also support his fraud and conspiracy-based claims. Plaintiff sues Minerva, Minerva executives who testified during the arbitration, and Minerva's lawyers and their law firm, Gordon Rees. Defendants move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim.

**B.     ANALYSIS**

The Court dismisses Plaintiff's claims without prejudice. But it does so for a reason the parties haven't argued but that the Court has an independent obligation to raise: Plaintiff's failure to adequately invoke this Court's subject matter jurisdiction. Plaintiff's causes of action are all non-federal. Assuming Kansas recognizes them, they come from Kansas state law, which means that there must be complete diversity of citizenship between Plaintiff and Defendants. And Plaintiff hasn't alleged that there is because he fails to identify the citizenship of Defendant Gordon Rees's individual members. Were there some possibility that amendment could raise meritorious claims, the Court would be inclined to afford it. But, as Defendants persuasively argue, Plaintiff's first amended complaint also fails to state a claim for which relief can be granted. Plaintiff's claims reflect a collateral attack on the underlying arbitration even if formally styled as independent torts. This is forbidden under the FAA. For these reasons, the Court dismisses this case without prejudice for lack of subject matter jurisdiction.

**Subject matter jurisdiction.** Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). And a federal district court's ability to resolve cases or controversies depends on affirmative, congressional

grants of subject matter jurisdictional authority. *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 666-67 (10th Cir. 2020). In this case, there's only one potential source for federal jurisdiction: diversity of citizenship.[3] This type of jurisdiction exists for cases where the underlying claims are creatures of state – rather than federal – law, the parties are citizens of different states, and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). The diversity requirement is a "complete" diversity requirement. *Id.*; *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). This means that each plaintiff must be a citizen of a state different from each defendant. *Caterpillar Inc.*, 519 U.S. at 68. If any overlap exists, then diversity is destroyed, and a federal court will lack diversity jurisdiction.

It's a plaintiff's burden to "allege the facts essential to show jurisdiction." *U.S. for Use and Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995). Because subject matter jurisdiction is congressionally defined, parties cannot waive challenges to it and cannot simply agree that it exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts are obligated to consider their own subject matter jurisdiction at all stages of the proceedings before them independent of whether a jurisdictional challenge has been mounted by a party. *Id.* If the Court concludes it lacks jurisdiction, it must dismiss the case without prejudice.

Here, Plaintiff fails to properly allege a basis for the Court's subject matter diversity jurisdiction. He alleges diversity of citizenship exists because he is a Kansas citizen and Defendants are all citizens of California, Delaware, Virginia, and New Jersey. But his conclusion about diversity of citizenship is premised on faulty reasoning. Plaintiff incorrectly reasons that

---

[3] The Court notes that Plaintiff attempts to invoke federal question jurisdiction and cites to the FAA. But the FAA doesn't create federal jurisdiction where it does not otherwise exist. The FAA is "something of an anomaly in the field of federal-court jurisdiction" because it "bestow[s] no federal jurisdiction but rather requires an independent jurisdictional basis" for controversies touching federal arbitration to be heard in federal court. *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (internal quotation marks omitted). The only potential source of jurisdiction here therefore is through diversity of citizenship.

Gordon Rees cannot also be a Kansas citizen because the firm's state of organization and its principal place of business are in California. To be sure, people are generally citizens of the states in which they are domiciled. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (noting that the state of domicile, as distinct from the state of residence, is "relevant for determining citizenship"). And <u>incorporated</u> entities like Minerva are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c). Here, Plaintiff alleges that he's a citizen of Kansas and that Minerva is a California and Delaware citizen and that the individual defendants are citizens of California, Virginia, and New Jersey. And there is not anything facially suspect about these allegations with respect to these parties. Gordon Rees and its citizenship is the problem. This is because <u>unincorporated</u> entities, like partnerships and limited liability companies and limited partnership like Gordon Rees, are citizens wherever their members or partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that a limited partnership – like most other unincorporated entities – is a citizen wherever its members are citizens). Plaintiff's allegations about Gordon Rees's state of organization and its principal place of business are irrelevant. And this is all Plaintiff alleges. Because Plaintiff fails to facially allege a proper basis for concluding that Gordon Rees is not a Kansas citizen, Plaintiff hasn't alleged a proper basis upon which the Court can assert jurisdiction over his case.[4]

**Failure to State a Claim.** The Court acknowledges that dismissal, even dismissal without prejudice, is a harsh measure. The Court emphasizes that it takes this measure not out of antipathy for Plaintiff but out of concern for judicial economy and the efficient use of scarce

---

[4] The Court notes that it has inherent subject matter jurisdiction in the fraud-on-the-court context to set aside its own judgment. *Conry v. Barker*, 2015 WL 5636405, at *10 (D. Colo. 2015), *adopted* 2015 WL 5608133 (D. Colo. 2015). Fraud on the court is after all "an equitable [action] allowing a federal court to grant relief from a federal judgment . . . ." *Id*. But as-pleaded, Plaintiff's claim invokes "Kansas law." Doc. 25 at 33. And Plaintiff also seeks damages, not equitable relief.

judicial resources. Even if the Court were to permit Plaintiff to amend his complaint to address the jurisdictional defects, it would be futile and would only delay inevitable dismissal.

Plaintiff's claims are a variation on arguments made during his first run through the federal courts. He contends Defendants prevailed only because they deceived the arbitrator and therefore procured their arbitration award by fraud. This argument was, of course, rejected by the reviewing courts. The difference here is that the alleged fraud has two layers. First, there was the fraud perpetrated against the arbitrator during the arbitration proceedings. Second, there was the fraud perpetrated against federal courts in defending the award.

There are also significant problems with Plaintiff's two-layer fraud theory in this case:

- Like in his previous suit, Plaintiff's claims are simply an attack on the arbitration award and the arbitrator's factual conclusions by another name and are therefore foreclosed under the FAA. "When . . . a suit is in substance no more than a collateral attack on [an arbitration] award itself, it is governed by the provisions of the [FAA]." *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986). And the FAA itself provides "the exclusive grounds" for vacating or modifying the award. *A&A Farms, LLC v. Rural Comm. Ins. Servs.*, 2015 WL 4478658, at *4 (D. Kan. 2015).

- Plaintiff's arguments during prior proceedings that the arbitration award was obtained fraudulently were rejected. Plaintiff is collaterally estopped from raising that issue again in this case as part of independent claims for fraud and civil conspiracy. *See Matosantos Comm. Corp. v. Applebee's Intern. Inc.*, 245 F.3d 1203, 1207 (10th Cir. 2001) (describing collateral estoppel's requirements).

- Plaintiff lacks a legally cognizable fraud on the court claim because Kansas law doesn't permit recovery of damages in such an action. *Atkins v. Heavy Petroleum Partners, LLC*, 2014 WL 4657105, at *11 (D. Kan. 2014).

- Plaintiff lacks a legally cognizable theory of fraud under Kansas law because he doesn't allege that <u>he</u> relied on Defendants' false statements. *See Hernandez v. Pistotnik*, 472 P.3d 110, 120-21 (Kan. Ct. App. 2020). In Kansas, when misrepresentations are allegedly made to a third-party, a plaintiff must still show that he relied on it. *Id.* (discussing indirect reliance fraud theories under Kansas law); *see also Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 656 (2008) (noting generally that "first-party reliance is an element of a common-law fraud claim").

- Plaintiff lacks a legally cognizable abuse of process claim based on Defendants' use of a counterclaim to incentivize settlement. An attorney's or her client's desire to "settle a

claim [is] not considered a collateral purpose outside the scope of litigation." *Tappen v. Ager*, 599 F.2d 376, 380 n.2 (10th Cir. 1979) (citation omitted). After all, "settlement of actions is a positive goal of the courts in order to avoid unnecessary and lengthy litigation." *Id.* (citation omitted). Thus, "[a]n abuse of process claim . . . will not lie unless [the plaintiff] can prove [that the defendant] reached beyond the natural consequences of the litigation to accomplish some collateral purpose." *Id.*

- Plaintiff lacks legally cognizable civil conspiracy and aiding and abetting claims because he can't point to an underlying tort claim or other actionable wrong to support them. *See Foxfield Villa Assocs, LLC v. Robben*, 449 P.3d 1210, 1223-24 (Kan. Ct. App. 2019) (noting that civil conspiracy requires an underlying "wrong giving rise to a cause of action independent of the conspiracy" and that aiding and abetting requires an underlying illegal, tortious, or "wrongful act").

Given these reasons, the Court is doubtful that another amended complaint would survive a subsequent motion to dismiss. The Court finds that amendment would be futile. The Court therefore dismisses Plaintiff's amended complaint without prejudice for lack of jurisdiction.

**C.   CONCLUSION**

The Court dismisses Plaintiff's amended complaint without prejudice for lack of subject matter jurisdiction. The Court notes that even an amended complaint containing additional jurisdictional allegations would be susceptible to dismissal on the merits for failure to state a claim. The Court does not doubt the sincerity of Plaintiff's conviction that the prior arbitration was wrongly decided and its result unjust. But the law does not offer an avenue for correcting every perceived wrong nor are the opportunities for review of previously decided issues unlimited. The issues Plaintiff now raises have already been raised in some form and have been rejected.

THE COURT THEREFORE ORDERS that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Court DENIES AS MOOT the pending motion to dismiss (Doc. 30) and the motion to file surreply (Doc. 44).

IT IS SO ORDERED.

Dated: July 10, 2025                              /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE